Per Curiam.

On July 27, 1962, the Mayor of the City of Cleveland resigned from office, creating a vacancy in the office of mayor. Due to confusion over the method to be used to fill such vacancy, an action for declaratory judgment was instituted, requesting an interpretation of the provisions of the Charter of the City of Cleveland relating to the filling of such vacancy.
*2 Both the Court of Common Pleas and the Court of Appeals determined that there should be a partisan primary election, and that independent candidates should be entitled to file nominating petitions for such office.
Inasmuch as counsel in open court agreed that there will be no independent candidates attempting to file nominating petitions, it is unnecessary for the court to consider this phase of the case, and the only question before this court is whether the primary election shall be partisan or nonpartisan.
In order to arrive at a decision in this cause it is necessary to examine the applicable provisions of the charter and the relevant state statutes.
Section 73 of the charter relates to the filling of vacancies in the office of mayor and reads in part as follows:
“If at any time, which is more than one year before the next regular municipal election, the office of mayor is vacant by reason of * * * resignation * * * such vacancy shall be filled by special municipal elections. * * * The aforesaid special municipal elections shall be held on the first Tuesday after 60 days from the day on which said vacancy first occurs, at which time the nonpartisan primary election shall be held * * * and all the provisions in this charter contained as to nomination and election of candidates for mayor at regular municipal elections shall apply to the said special municipal elections. ’ ’
Inasmuch as this vacancy occurred more than one year prior to a regular municipal election, under the provisions of section 73, special municipal elections are mandatory. The question raised relates to the method of selection of the candidates for such office.
Section 73 .requires that “all the provisions in this charter contained as to nomination and election of candidates for mayor at regular municipal elections shall apply to the said special municipal elections.”
Basically, the election for the office of mayor is controlled by section -4 of the charter, which, since its amendment in 1960, reads in part as follows:
“Candidates for the office of mayor shall be nominated at a primary election * * * in the manner prescribed by general law for nomination of independent candidates for said office; *3 provided, however, that the petition filed with the declaration of candidacy * * * shall be signed by at least 3,000 electors of the city of Cleveland who are members of the same political party as the political party of which the candidate is a member.”
Clearly, this section requires a partisan primary election.
It is argued that “the nonpartisan primary election” referred to in section 73 requires the primary election to be nonpartisan. At the time section 73 became part of the charter, all municipal officials were selected on the basis of a nonpartisan primary ' election. Therefore, section 73 when written was geared to a nonpartisan primary election under the old charter provisions. However, section 4 has been amended and now requires that candidates for mayor be selected at a partisan primary election.
Thus we are confronted with the situation that, although section 73 as originally enacted, consistent with the other provisions of the charter, provided for a nonpartisan primary election, section 4, which is incorporated by reference in section 73, provides that candidates for the office of mayor shall be selected on a partisan basis, creating an inconsistency within section 73 itself.
Where the general provisions of law are incorporated by reference into a special section, the’ effect thereof is the same as though such provision had been set forth and made„a part of the special section, and the amendment of such general provisions will constitute an amendment of any parts of the special statute which are inconsistent with the amended provisions of the general law. State, ex rel. Timken Roller Bearing Co., v. Industrial Commission, 136 Ohio St., 148, 154.
Under this reasoning, section 4 as it now stands governs the nature of the primary election to be held, and, therefore, the primary election must be a partisan election.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Tapt, Matthias, Bell, Eadcliep and O’Neill, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.